UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **VUONG BUI** | **CASE NO. 2:23-CV-01688** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **P N K LAKE CHARLES L L C ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (Doc. 20) filed by Defendant PNK (Lake Charles), LLC ("PNK") wherein PNK moves to dismiss the instant lawsuit pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## FACTUAL STATEMENT

Plaintiff slipped and fell as she entered into the restaurant, Asia, located in the L'Auberge Casino Resort allegedly causing her significant injuries.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Defendant argues that there is no genuine dispute of material fact for trial that (1) the manager of Asia restaurant observed the floor where Bui fell within minutes of her fall and did not observe any foreign substance,[1] (2) multiple people walked over the exact same spot where Plaintiff fell in the minutes and even seconds before she fell without incident,[2]

---

[1] Defendant's exhibit B.
[2] Defendant's exhibit A-1.

(3) nobody reported any issues with the floor in the Asia restaurant prior to Bui's fall,[3] and (4) there is no evidence, other than Bui's self-serving testimony, of water on the floor prior to her fall, and she spilled a drink when she fell.[4]

In Louisiana, claims against merchants based on falls on the premises are governed by the Louisiana Merchant Liability Act ("LMLA"), Louisiana Revised Statute § 9:2800.6. To prevail, a plaintiff must prove the following (in addition to all other elements of his claim): (1) a condition on the premises presented an unreasonable risk of harm; (2) this harm was reasonably foreseeable; (3) the merchant either created or had actual or constructive notice of the condition; and (4) the merchant failed to exercise reasonable care. Louisiana Revised Statute § 9:2800.6(B); *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997). A store owner is not liable every time an accident happens in the place where he/she conducts business operations. *Bennett v. Brothers Avondale, L.L.C.*, 170 So.3d 1179, 1182 (La. App. 5 Cir. 5/4/15).

*Actual or constructive notice*

"To survive a motion for summary judgment, a plaintiff must submit 'positive evidence' that a merchant created or had actual or constructive notice of the conditions that allegedly caused a plaintiff's damages." *Perez v. Winn-Dixie Montgomery, LLC*, 2019 WL 1367526, at *2 (E.D. La. Mar. 26, 2019) (quoting *Duncan v. Wal-Mart La., LLC*, 863 F.3d 406, 410 (5th Cir. 2017)). To show "constructive notice" under the LMLA, the plaintiff must prove "that the condition existed for such a period of time that it would have been

---

[3] Defendant's exhibit B.
[4] Defendant's exhibit B.

discovered if the merchant had exercised reasonable care." Louisiana Revised Statute § 9:2800.6(C)(1). An employee's presence near the condition "does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." *Id.* Accordingly, plaintiff bears "an onerous burden" in satisfying this element of his claim. *Scott v. Dillard's, Inc.*, 169 So.3d 468, 472 (La. Ct. App. 5th Cir. 2015).

Plaintiff submits the incident report,[5] filled out on her behalf because she does not speak English. The incident reports states that Plaintiff "slipped and fell from water and her sandals." Plaintiff also submits portions of video surveillance approximately minutes before her fall of an Asia restaurant employee wiping something off the floor in the area where Plaintiff fell. Plaintiff argues that this is sufficient evidence to establish that there was a hazardous condition that caused her fall.

Plaintiff also submits the Affidavit of Asia employee, Jeff Nguyen, to establish that Asia was aware of a dangerous condition to establish actual or constructive knowledge. Mr. Nguyen declares that he was working when Plaintiff fell on September 11, 2022.[6] Nguyen did not see her fall, but he heard it and immediately "came to her attention."[7] He states that he is the male in the "gray suit who picked up the drink that she dropped and tended to her after she fell."[8] Nguyen "inspected the area where she fell and the only liquid he observed came from the coffee that she spilled."[9] Approximately 5 minutes prior to her

---

[5] Plaintiff's exhibit 1.
[6] Plaintiff's exhibit 2, ¶ 3.
[7] *Id.*
[8] *Id.*
[9] *Id.* ¶ 4.

fall, Nguyen had "wiped an area on the floor near where Ms. Bui fell, but not precisely where she fell" and he "did not observe any foreign substance on the floor where Ms. Bui fell and if I had made such an observation, I would have wiped that area well."[10] Additionally, Nguyen "walked through the area where [Ms.] Bui fell beforehand and did not feel anything slippery. I also observed multiple people walk through that are before she fell and did not see anyone slip. Nobody reported any issues with the floor in Asia on September 11, 2022 either before or after Ms. Bui fell."[11]

Here, Plaintiff has submitted sufficient summary judgment evidence to establish that there may have been water on the floor, however, Plaintiff has failed to submit sufficient summary judgment evidence of the time element to establish that Defendant had actual or constructive notice. This is Plaintiff's burden, and her failure to establish that Defendant had actual or constructive notice is fatal to her claim.

## CONCLUSION

For the reasons explained here, the Court will grant Defendant's Motion for Summary Judgment (Doc. 20) and dismiss Plaintiff's claims with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 12th day of November, 2024.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**

---

[10] *Id.* ¶ 5.
[11] *Id.* ¶ 6.